IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAR -9 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**CHARLES A. BIRDSONG,**

    Plaintiff,

v.                                          Civil Action No. **3:14CV702**

**HENRY J. PONTON,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Charles A. Birdsong, a Virginia inmate, brings this 42 U.S.C. § 1983[1] action alleging that Defendants[2] violated his due process rights under the Fourteenth Amendment.[3] By Memorandum Opinion and Order entered on November 13, 2015, the Court dismissed all of Birdsong's claims except Claim One (c). *Birdsong v. Ponton*, No. 3:14CV702, 2015 WL 7176112, at *6 (E.D. Va. Nov. 13, 2015). The action proceeds on Claim One (c) of Birdsong's Complaint. (ECF No. 1.) Specifically, Birdsong asserts:

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Plaintiff names the following Defendants: Henry J. Ponton, former Warden of Nottoway Correctional Center ("NCC"); D. Johnson, a Correctional Officer and Hearing Officer at NCC; A. James, the Grievance Coordinator at NCC; S. Yeboah, a Correctional Officer at NCC; G. Robinson, Regional Administrator for the Virginia Department of Corrections ("VDOC"); A. Bryant, Regional Administrator for the VDOC; Gray Bass, Regional Administrator for the VDOC; and Harold W. Clarke, Director of the VDOC.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

      Claim One (c):      Defendants violated Birdsong's Fourteenth Amendment right to due process when he was transferred to a higher security prison.

Birdsong seeks declaratory, injunctive, and monetary relief.

The matter is now before the Court on Defendants' Motion for Summary Judgment. (ECF No. 25.) The Court previously explained:

> First, the Court believes that Birdsong only intends to bring a due process challenge on the ground that Defendants inhibited his ability to appeal his institutional conviction. As previously explained, Birdsong simply "[does] not enjoy a procedural due process right to an appeal." . . . However, to the extent he alleges he was deprived of some procedural protection prior to his transfer to the alleged "supermax" prison, the Court acknowledges that Birdsong may have a liberty interest, protected by the Fourteenth Amendment's Due Process Clause, in avoiding assignment to a "supermax" prison. *See Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005) (finding that inmates in Ohio had a liberty interest in avoiding transfer to Ohio State Penitentiary, a "supermax" facility).

*Birdsong*, 2015 WL 7176112, at *4 (alteration in original). It is undisputed that Birdsong was transferred to Red Onion after his ICA hearing. (Ponton Aff. ¶ 7.) Courts in the Fourth Circuit have found that Red Onion is one of two "supermax" facilities in Virginia. *See, e.g., Johnson v. Warner*, 200 F. App'x 270, 271 n.* (4th Cir. 2006). Although the Court noted that under *Wilkinson*, Birdsong may have a protected liberty interest in avoiding placement at Red Onion, Defendants inexplicably failed to address this issue. Furthermore, to the extent Birdsong has a liberty interest in avoiding placement at Red Onion, Defendants fail to address what process was due to Birdsong before his transfer, *see e.g.*, *Wilkinson*, 545 U.S. 223–28; *Matthews v. Eldrige*, 424 U.S. 319, 335 (1976), and this Court declines to do so in the first instance. Given the inadequacy of the current briefing, the Court concludes the appropriate disposition is to deny without prejudice the Motion for Summary Judgment.[4] Defendants shall have thirty (30) days to

---

[4] In reaching this conclusion, the Court also considers the general rule that a party shall not file separate motions for summary judgment. *See* E.D. Va. Loc. Civ. R. 56(C) ("Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment.")

2

resubmit their Motion for Summary Judgment. The Memorandum in Support of the Motion for Summary Judgment must adequately brief the remaining claim and any such affirmative defenses Defendants intend to raise. With respect to the due process issue, Defendants must address: (1) whether the pertinent state rules and regulations create a liberty interest in avoiding a transfer to Red Onion; and, (2) if inmates enjoy a liberty interest in avoiding a transfer to Red Onion, what process does the Constitution require and what process did Birdsong receive.

Birdsong also filed a Motion for Reconsideration (ECF No. 35) of the Court's November 13, 2015 Memorandum Opinion and Order dismissing all of his claims except Claim One (c). The Court construes this Motion for Reconsideration as one brought pursuant to Federal Rule of Civil Procedure 54(b).[5] The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)). Granting a motion for reconsideration generally should be limited to instances such as the following:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

---

[5] The rule states in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997); *see Tully v. Tolley*, 63 F. App'x 108, 113 (4th Cir. 2003) (concluding district court properly denied Rule 54(b) motion where new evidence could have been discovered with due diligence). Reconsideration is also appropriate when "'the prior decision was clearly erroneous and would work manifest injustice.'" *Am. Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). The courts do not entertain motions to reconsider which ask the Court merely to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101. Birdsong fails to satisfy the relevant criteria for reconsideration. He fails to demonstrate that the Court's prior decision was made in error, would cause manifest injustice, or any other reason to grant relief. Thus, his Motion for Reconsideration (ECF No. 35) will be DENIED.

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 25) will be DENIED WITHOUT PREJUDICE. Birdsong's Motions for Extension of Time (ECF Nos. 32–33, 36) will be DENIED AS MOOT.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 3-9-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge